

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2002

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Gonzalez" (2002). *2002 Decisions.* Paper 366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1933

UNITED STATES OF AMERICA

v.

GLENDALY GONZALEZ

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 00-cr-00367)
District Judge: Honorable Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2002

Before: NYGAARD, ROTH and AMBRO, Circuit Judges

(Opinion filed: June 14, 2002)

OPINION

AMBRO, Circuit Judge:

    Glendaly Gonzalez appeals her sentence for conspiracy to distribute more than 500 grams of cocaine. She pled guilty to this charge, but argues that the District Court failed to consider all of the relevant facts and erroneously concluded that her role was only minor and not minimal, thereby resulting in a two-level downward adjustment rather than a three- or four-level downward adjustment pursuant to U.S.S.G. 3B1.2. The District Court correctly gauged Gonzalez's role in the offense. We therefore affirm.

    We review for clear error the District Court's factual finding that the defendant was not a minimal participant under U.S.S.G. 3B1.2. See United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001).
    Whether an adjustment under U.S.S.G. 3B1.2 is warranted depends on "the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Isaza-Zapata, 148 F.3d 236, 239 (3d Cir. 1998) (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)). The "district courts are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal." Id. (citing United States Sentencing Commission, 1996 Sourcebook of Federal Sentencing Statistics (1996)).
    The District Court found that Gonzalez's role was more than minimal, but was "by no means high up on the chain." The Court's consideration of the "length of . . . [the] involvement," the "clear intent of the involvement," the "covert nature of the involvement," and the "amount of lying and sneaking around and carrying on"

established Gonzalez's role as more than minimal.

Many of the District Court's findings about Gonzalez's relationship to the other participants were based upon her own statements. Gonzalez admitted that one of the originators of the scheme recruited her. She also conceded to communicating directly and having a relationship with the other courier. Therefore, Gonzalez was aware of two of the three other participants in the scheme.

Moreover, the record establishes that Gonzalez's involvement was commensurate with that of the other smuggler and that she was important to the success of the venture. Despite only participating in a single smuggling transaction, both she and the other courier were recruited to smuggle packages of drugs from Puerto Rico to New Jersey. Both couriers traveled between these locations. Further, both couriers were carrying similar quantities of cocaine and were to receive $1,000 per package. Because Gonzalez participated as one of two couriers and carried half of the delivery, we cannot say that she was substantially less culpable than the average participant.

Finally, the record supports the District Court's finding that Gonzalez was aware of the nature and scope of the criminal activity. She knew the originators of the scheme and their relationship with the other participants. She also knew that couriers traveled to Puerto Rico to pick up packages of illegal drugs, met with members of the drug group to obtain clothing to secret the drugs, and returned to New Jersey to deliver the drugs for distribution.

In this context, Gonzalez has not demonstrated that the District Court clearly erred in finding her entitled to a minor role adjustment rather than a minimal role adjustment. Thus the judgment of the District Court is affirmed.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Thomas L. Ambro
Circuit Judg